IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01882-GPG

JAN B. HAMILTON,

    Petitioner,

v.

DON MOULDOON, Park County Jail,
DON BIRD, Pitkin County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

---

    Applicant, Jan B. Hamilton, is detained in the Park County Detention Facility, in Fairplay, Colorado. She has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), and has paid the $5.00 filing fee. In the § 2254 Application, Ms. Hamilton challenges a misdemeanor conviction entered in Pitkin County Court Case No. 14M30 on March 16, 2015. (*Id.* at 1; *see also Jan B. Hamilton v. Don Bird, et al.*, No. 15-cv-1691-GPG, at ECF No. 13; *Jan B. Hamilton v. D. Mouldoon, et al.,* No. 15-cv-01882-GPG, at ECF No. 1). Accordingly, the Court will proceed under the assumption that Petitioner is challenging only the validity of her conviction in 14M30 in this action.

    The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the

§ 2254 Application and finds that it is deficient, for the reasons discussed below. Accordingly, Ms. Hamilton will be directed to file an Amended Application if she wishes to proceed in this action.

The Petition fails to comply with Fed.R.Civ.P. 8.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition contains almost 250 pages of attachments.  It is not the duty of this Court or the Respondents to sift through numerous attachments to determine whether the Plaintiff has states a claim for relief.

Applicant is also reminded that she is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

**The Amended Application that Ms. Hamilton will be directed to file may not**

**exceed 30 pages in length, including any attachments (unless the attachments are state court orders pertaining to 14M30)**.  Ms. Hamilton is warned that failure to comply with this page limit will result in any excess pages being stricken and not considered by the Court.  Accordingly, it is

ORDERED that Applicant file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, that complies with the directives in this Order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Applicant a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED October 28, 2015, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Gordon P. Gallagher

                                      _____
                                      United States Magistrate Judge