IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01882-GPG

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jan B. Hamilton, is detained in the Park County Jail in Fairplay, Colorado. She initiated this action on August 26, 2015, by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (ECF No. 1). Ms. Hamilton has paid the $5.00 filing fee.

The Court construes Ms. Hamilton's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

**I.    Procedural Background**

In a September 1, 2015 Order (ECF No. 4), Magistrate Judge Gordon P. Gallagher reviewed the original § 2254 Application, as well as Ms. Hamilton's other pending habeas cases, and determined that Applicant is challenging the validity of her conviction in Pitkin

County Court Case No. 14M30.   Magistrate Judge Gallagher further determined that the § 2254 Application was deficient because it failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.   (*Id.*). Consequently, Ms. Hamilton was ordered to file an Amended Application, on the court-approved form, within 30 days, which complied with applicable pleading requirements.   (*Id.*). The Clerk of the Court mailed to Ms. Hamilton a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day.   (*Id.*).

On September 16, 2015, after Ms. Hamilton informed the Court that she had been transferred from the Park County Jail to the Pitkin County Detention Center, Magistrate Judge Gallagher issued a minute order directing the clerk of the court to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 5).   Applicant was ordered to file an Amended Application within 30 days of the September 16 Minute Order. (*Id.*).

Ms. Hamilton filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, on October 9, 2015. (ECF No. 7). The Amended Application confirmed that Applicant was challenging her March 16, 2015 convictions in Pitkin County Court Case No. 14M30 for harassment – strike/shove/kick, in violation of COLO.REV.STAT. (C.R.S.) § 18-9-111(1)(a), and false reporting – false information, in violation of § 18-8-111(1)(c), C.R.S. (*Id.* at 29).   She was sentenced to six months in jail. (*Id.*).

On October 28, 2015, Magistrate Judge Gallagher reviewed the Amended

Application and determined that it was deficient because Ms. Hamilton's first claim (asserting that the state court lacked jurisdiction to convict her) failed to invoke this Court's habeas jurisdiction (ECF No. 8). *See* 28 U.S.C. § 2254(a) (stating that the remedy of habeas corpus is available to a person who "is in custody in violation of the Constitution or the laws of the United States."). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reaffirming that "federal habeas corpus relief does not lie for errors of state law") (internal quotation marks and citations omitted); *Dowdy v. Jones*, No. 06-6218, 196 F. App'x 785, 787 (10th Cir. Oct. 12, 2006) (unpublished) (claim that state court lacked jurisdiction to try the petitioner is a state law question that is not cognizable under § 2254).

Magistrate Judge Gallagher further found that the Amended Application was deficient because Ms. Hamilton failed to allege affirmatively whether she had exhausted state court remedies for the allegations in her second and third claims. (*Id.*). *See* 28 U.S.C. § 2254(b). *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (state prisoners are required to exhaust available state court remedies before seeking federal habeas corpus relief). Magistrate Judge Gallagher informed Applicant that to satisfy the exhaustion requirement for a county court conviction, she must file an appeal raising her constitutional claims in the state district court, and obtain a ruling from that court. *See* § 13-6-311(1)(a), C.R.S. (*Id.*). Accordingly, Applicant was directed to file a Second Amended Application, on the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, within in 30 days. (*Id.*). The Clerk of the Court mailed to Applicant a copy of the court-approved § 2254 Application. (*Id.*).

Ms. Hamilton filed her "Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" (Second Amended Application) on December 1, 2015 (ECF

No. 14). The Second Amended Application is not on the court-approved form, as directed in the October 28 Order.

## II. Analysis of the Second Amended Application

The Second Amended Application is a rambling narrative of the chronological history of events and objectionable conduct by certain individuals that forms the basis of Applicant's 42 U.S.C. § 1983 action, *Jan B. Hamilton v. James B. Boyd, et al.*, 15-cv-01107-LTB, which was dismissed by the Court on November 12, 2015. Ms. Hamilton may not raise civil rights claims in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Sandifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (generally, a prisoner who challenges the conditions of confinement must pursue a civil rights action).

Furthermore, the Second Amended Application fails to comply with the requirements of Fed. R. Civ. P. 8 and Rule 2(c) of the Rules Governing Section 2254 Cases. These procedural requirements were outlined by Magistrate Judge Gallagher in the September 1 Order Directing Applicant to File an Amended Application (ECF No. 4).

Moreover, despite Magistrate Judge Gallagher's warning in the October 28 Order that a claim challenging the state court's jurisdiction is not cognizable in a § 2254 application, Applicant continues to argue in the Second Amended Application that the state trial court lacked jurisdiction to convict her of criminal offenses.

Plaintiff also claims in the Second Amended Application that her conviction in Case 14M30 was obtained in violation of the Constitution because the police had body

4

camera evidence to show her innocence but failed to disclose the evidence in discovery or at trial (ECF No. 14 at 10).   In addition, she makes a conclusory assertion that her trial counsel was constitutionally ineffective.   (*Id.*).   However, Applicant has not alleged facts to show that she exhausted available state court remedies for these claims by filing a direct appeal of her county court conviction with the state district court, as required by § 13-6-311(1)(a), C.R.S. (2015).   Instead, in support of her allegations of exhaustion, she relies on a Motion for Judgment of Acquittal that she filed in the Colorado Supreme Court on June 30, 2015, seeking certiorari review.   (ECF No. 14 at 27-36).   However, a motion seeking discretionary review by the Colorado Supreme Court does not satisfy the exhaustion requirement.   "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."   *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (quotations and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (applying *Castille* and holding "petitioner's presentation of his claim to the Wyoming Supreme Court via a petition for writ of certiorari was . . . ineffective to exhaust his state remedies").   The Court therefore finds that Applicant has failed to demonstrate that she properly exhausted state court remedies before seeking federal habeas relief.

In sum, the Second Amended Application will be denied because it fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and Rule 2(c) of the Rules Governing Section 2254 Cases; the claim challenging the state court's jurisdiction is not cognizable

in a federal habeas corpus application; and, Applicant has not alleged facts to show that she exhausted available administrative remedies for her other claims.   Accordingly, it is

ORDERED that the Second Amended Application (ECF No. 14), filed by Applicant, Jan Hamilton, *pro se*, on December 2, 2015, is DENIED for the reasons discussed above, and this action is DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Hamilton has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal she must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 9, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court